KITCHENS, Justice,
dissenting:
¶ 54. I agree with the majority that the trial court did not err in refusing Instruction D-3, an instruction on simple assault, given that the evidence adduced did not support simple assault. Maj. Op. at ¶ 37. However, Instruction D-6, which instructed the jury on consent, had an evidentiary basis (Expose’s own testimony) and was Expose’s sole defense.
¶ 55. Anthony Mercie Expose’s only defense at trial was that the complaining witness consented to have sexual intercourse with him on March 28, 2009. “A defendant is entitled to have jury instructions given which present his theory of the case.... ” Heidel v. State, 587 So.2d 835, 842 (Miss.1991).
Even though based on meager evidence and highly unlikely, a defendant is entitled to have every legal defense he asserts to be submitted as a factual issue for determination by the jury under proper instruction of the court. O’Bryant [v. State, 530 So.2d 129, 133 (Miss.1988).] Where a defendant’s proffered instruction has an evidentiary basis, properly states the law, and is the only instruction presenting his theory of *1152 the case, refusal to grant it constitutes reversible error. Murphy v. State, 566 So.2d 1201, 1207 (Miss.1990); Sayles v. State, 552 So.2d 1383, 1390
(Miss.l989)(overruled on other grounds). Hester v. State, 602 So.2d 869, 872 (Miss. 1992).
¶ 56. The majority finds that the jury was properly instructed in S-l, in that the instruction provided that if the jury found beyond a reasonable doubt that Expose “did feloniously, unlawfully, willfully and forcibly ... have sexual intercourse with [the complaining witness]” then it should find him guilty of forcible sexual intercourse. The majority finds that “[s]ince force negates consent, the jury necessarily must have considered consent in deciding whether force was used.” Maj. Op. at ¶ 41. To divine what the jury must have considered requires rank speculation on the part of the majority, especially in view of the fact that the jury was not instructed to consider consent. Given that consent is the antithesis of force, consent is a defense to forcible sexual intercourse. But I do not find S-l a proper substitute for an explicit instruction on Expose’s one theory of defense. Failure to instruct the jury on this sole theory of defense constituted reversible error on the part of the trial court. Thus, reversal of the conviction and remand for a new trial that includes a proper instruction on consent are required.
CHANDLER, J., JOINS THIS OPINION.